MEMORANDUM OPINION
 

 JORDAN, District Judge.
 

 I. INTRODUCTION
 

 Presently before me is a Motion for Summary Judgment on Defendants’ Affirmative Defense of Equitable Estoppel filed by plaintiffs Philips Electronics North America Corporation and U.S. Philips Corporation (collectively, “Philips”).
 
 [1]
 
 (Docket
 
 *DCLXXXII
 
 Item [“D.I.”] 295; the “Motion”.) For the reasons that follow, Philips’ Motion will be granted.
 

 II. BACKGROUND
 

 A.
 
 Generally
 

 Philips alleges that defendant Compo Micro Tech (“CMT”) infringes claims 1, 3 and 4 of U.S. Patent No. 4,703,359, entitled “Universal remote control unit with model identification capability” (issued October 27, 1987) (“the ’359 patent”) and all of the claims of U.S. Patent No. 5,872,562, entitled “Universal remote control transmitter with simplified device identification” (issued February 16, 1999) (“the ’562 patent”). On April 5, 2004, I issued a memorandum opinion and order granting Philips’ Motion for Summary Judgment that CMT’s accused devices literally infringe claims 1, 3, and 4 of the ’359 patent and granting CMT’s Motion for Summary Judgment of Noninfringement of the asserted claims of the ’562 patent.
 
 [2]
 
 (D.I. 388, 389.) In addition, the procedural and factual background and a discussion of the technology disclosed in the patents-in-suit may be found in several other opinions and orders issued in this case.
 
 {See
 
 D.I. 351 (denying Remote Solution’s motion to dismiss for lack of personal jurisdiction); D.I. 352, 353 (granting CMT’s motion to sever and for separate trials); D.I. 376, 377 (claim construction); D.I. 390 (denying CMT’s motion for summary judgment of invalidity).)
 

 B.
 
 Facts Pertinent to the Instant Motion
 

 [3]
 

 In January 1993, CMT displayed remote controls manufactured by its Korean supplier, Ohsung Electronics Co., Ltd. (“Oh-sung”), at the Consumer Electronics Show (“CES”) in Las Vegas, Nevada. (D.I. 296 at 5; D.I. 321 at 5.) Sang Choi, who at that time was an engineer working on universal remote controls at Philips, visited CMT’s booth, where Chang Park showed him two different universal remote controls, the “Max II” and “Hi Star” models.
 
 (Id.)
 
 Mr. Choi told Mr. Park that Philips would contact CMT about the possibility of becoming one of Philips’ suppliers.
 
 (Id.)
 

 On June 23, 1993, Niles Ingersoll, a purchasing agent with Philips, sent Mr. Park a letter inviting him to submit a quote “for some of [Philips’] 1994 product line” and enclosed “specifications, samples and information [to] provide ... the basis for the quote.” (D.I. 297, Ex. 9.) Mr. Park sent Mr. Ingersoll a quote on July 9, 1993 and provided Philips with four remote control samples on August 3, 1993.
 
 (Id.,
 
 Exs. 10, 11.) However, Philips did not select CMT as a supplier at that time. (D.I. 321 at 6.) Mr. Park sent Mr. Ingersoll another quote on February 1, 1994, pertaining to Philips’ programmable UR-16 remote controls. (D.I. 297, Ex. 12.) Again, CMT was not selected as a supplier. (D.I. 321 at 6.)
 

 Over the years, CMT continued to attend trade shows and exhibit its line of
 
 *DCLXXXIII
 
 universal remote controls. (D.I. 296 at 5; D.I. 321 at 6.) Mr. Choi and other Philips employees attended these trade shows and viewed CMT’s products.
 
 (Id.)
 
 At no point did any Philips representative mention Philips’ patents or accuse CMT of infringement.
 
 (Id.)
 
 In response to Philips’ first set of interrogatories, CMT stated that it first became aware of the ’359 and ’562 patents on November 17, 2000. (D.I. 297, Ex. 6 at 8.)
 

 III. STANDARD OF REVIEW
 

 Federal Rule of Civil Procedure 56 states that summary judgment should be granted when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c). The party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to judgment as a matter of law.
 
 Adickes v. S.H. Kress & Co.,
 
 398 U.S. 144, 151-60, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The moving party also bears the responsibility of informing the court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact.
 
 Celotex Corp. v. Catrett,
 
 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the nonmoving party to “set forth specific facts showing that there is a genuine issue for trial.” Fed. R.Civ.P. 56(e);
 
 see also Anderson v. Liberty Lobby, Inc.,
 
 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
 

 IV. DISCUSSION
 

 Equitable estoppel is a defense to infringement and may serve as an absolute bar to a patentee’s claim of infringement.
 
 Scholle Corp. v. Blackhawk Molding Co., Inc.,
 
 133 F.3d 1469, 1471 (Fed.Cir.1998) (citing
 
 A.C. Aukerman Co. v. R.L. Chaides Construction Co.,
 
 960 F.2d 1020, 1041 (Fed.Cir.1992)). Three elements must be established to bar a patentee’s suit by means of equitable estoppel:
 

 (1) The patentee, through misleading conduct, leads the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent against the alleged infringer. “Conduct” may include specific statements, action, inaction, or silence where there was an obligation to speak.
 

 (2) The alleged infringer relies on that conduct.
 

 (3) Due to its reliance, the alleged in-fringer will be materially prejudiced if the patentee is allowed to proceed with its claim.
 

 Id.
 
 (citing
 
 Aukerman,
 
 960 F.2d at 1028).
 

 With respect to the first of these three elements, CMT says that it was “misled by Philips’ affirmative acts [of encouragement] followed by its silence and inaction.” (D.I. 321 at 10.) Specifically, CMT argues that Mr. Choi’s “interest in the Max II and Hi Star remote controls... sent the unmistakable message that Philips approved of CMT’s products and encouraged Mr. Park to enter the universal remote control business.”
 
 (Id.
 
 at 10-11.) In response, Philips says that it merely offered to do business with CMT before CMT was aware of Philips patents, and that its conduct (including Philips’ silence after CMT provided it with quotes) was not misleading. (D.I. 296 at 10; D.I. 323 at 8.)
 

 “[W]hen the course of dealings between a patentee and an alleged infringer is such that the alleged infringer reasonably infers from the patentee’s misleading conduct or inaction that the patentee has waived its patent rights, then the first element of equitable estoppel has been established. ...”
 
 Scholle,
 
 133 F.3d at 1472 (citing
 
 Aukerman,
 
 960 F.2d at 1028). In
 
 Scholle,
 
 the defendant informed Scholle
 
 *DCLXXXIV
 
 that it would market a product unless Scholle informed the defendant that Scholle considered that an infringement of Scholle’s patent.
 
 Id.
 
 Scholle remained silent for three and a half years, and this “cooperative behavior” created a reasonable inference that Scholle considered defendant’s product to be non-infringing and did not intend to sue.
 
 Id.
 
 Thus, Scholle’s patent infringement claims were barred by the defense of equitable estoppel.
 
 Id.
 

 The facts of this case do not support a finding that CMT reasonably believed or inferred from Philips’ conduct that Philips waived its patent rights.
 
 See id.; see also Aukerman,
 
 960 F.2d at 1034 (“[E]quitable estoppel focuses on what the defendant has been led reasonably to believe from the plaintiffs conduct.”). Nothing in the record shows that Philips informed CMT that it considered CMT’s remote controls to be infringing Philips’ patents, or that Philips intended to enforce its patent rights against CMT, and then by silence lulled CMT into the belief that Philips did not intend to enforce its patents.
 
 See Meyers v. Asics Corp.,
 
 974 F.2d 1304, 1309 (Fed.Cir.1992) (patentee’s attempts to negotiate licenses, followed by a period of silence, does not constitute requisite misleading conduct). Perhaps more important is the fact that CMT, by its own admission, was not aware of Philips’ patents until November, 17, 2000. (D.I. 297, Ex. 6 at 8.) CMT could not have been misled about Philips’ intentions to enforce or not enforce Philips’ patent rights, since CMT has no idea those rights existed.
 
 See Aukerman,
 
 960 F.2d at 1042 (“It is clear, thus, that for equitable estoppel the alleged infringer cannot be unaware... of the patentee and/or its patent.”).
 

 V. CONCLUSION
 

 Equitable estoppel focuses on misleading conduct suggesting that the patentee will not enforce his patent rights.
 
 Wang Laboratories, Inc. v. Mitsubishi Electronics America, Inc.,
 
 103 F.3d 1571, 1581 (Fed.Cir.1997) (citing
 
 Aukerman,
 
 960 F.2d at 1041-44.) Because Philips never threatened to assert its patents against CMT and then misled CMT by its subsequent silence, and because CMT was unaware of Philips’ patents until November 17, 2000, CMT has failed to establish the first of the three elements required in order to assert the affirmative defense of equitable estop-pel to Philips’ patent infringement claims. Philips’ Motion (D.I. 295) will therefore be granted.
 

 An appropriate order will issue.
 

 ORDER
 

 For the reasons set forth in the Memorandum Opinion issued today, it is hereby ORDERED that Philips’ Motion for Summary Judgment on Defendants’ Affirmative Defense of Equitable Estoppel (D.I. 295) is GRANTED.
 

 [1]
 

 . Defendants CMT, Remote Solution, Co., Ltd. frk/a Hango Electronics Co., Ltd. (“Re
 
 *DCLXXXII
 
 mote Solution”), and Hango Remote Solution, Inc. ("Hango”) all asserted the affirmative defense of equitable estoppel against Philips. However, this memorandum opinion pertains only to CMT, as Remote Solution and Hango have not come forward with any evidence to support their assertions of equitable estoppel, and because Philips is presenting its case against Remote Solution and Hango in a separate, later trial. (See D.I. 352, 353.)
 

 [2]
 

 . Because I determined that CMT is not infringing the asserted claims of the '562 patent literally or under the doctrine of equivalents, CMT’s affirmative defense of equitable estop-pel (and therefore, this memorandum opinion and the discussion herein) applies only to the '359 patent.
 

 [3]
 

 . For purposes of this Motion, Philips does not dispute CMT's recitation of the facts. (D.I. 296 at 4.)